**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN JOSEPH PERRY, | : | |
| Petitioner, | : | Civil Action No. 11-4064 (FLW) |
| v. | : | **O P I N I O N** |
| ROBERT BROTHERS, Warden, | : | |
| Respondent. | : | |

**APPEARANCES:**

John Joseph Perry, Pro Se
DQ-4409
SCI Dallas
1000 Follies Road
Dallas, PA 18612

**WOLFSON, District Judge**

Petitioner, John Joseph Perry, was a prisoner confined at the Warren County Correctional Center, Belvidere, New Jersey at the time he filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1]  Petitioner seeks to challenge his extradition procedures and his detention.  The respondent is the

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdiction.

(c) The writ of habeas corpus shall not extend to a prisoner unless—... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

Warden of the Warren County Correctional Facility, Robert Brothers.[2]

## BACKGROUND

The procedural history surrounding Petitioner's petition is a bit muddled. However, the petition, an attached Certification from Petitioner's criminal case in New Jersey state court, and an attached "procedural history" proffered by Petitioner provide the Court with the following facts.

In 2007, Petitioner was incarcerated in Pennsylvania for various criminal charges "stemming from a conjoining offense committed in the State of New Jersey." (Procedural History, docket entry 1, at p. 11 of 18). Although Petitioner was set free on bail pending the Pennsylvania charges, there was a warrant to commit and detain Petitioner by Pennsylvania Board of Probation and Parole. (Id.). While being held on the probation and parole warrant, New Jersey lodged a detainer warrant against Petitioner on December 4, 2007. (Id.). On December 24, 2007, Petitioner received a decision from Pennsylvania probation and parole, sentencing him to serve a nine month term for violating parole. (Id. at p. 12 of 18).

---

[2] It is unclear where Petitioner is currently housed. The docket in this matter has Petitioner housed at the State Correctional Institution, Dallas, Pennsylvania. However, the Pennsylvania inmate locator does not indicate that Petitioner is housed anywhere in Pennsylvania.

2

Petitioner states that he was not advised of the New Jersey warrant until August 11, 2008.  At that time, he requested to be formally extradited to New Jersey under the Interstate Agreement on Detainers ("IAD").  Petitioner alleges that both the New Jersey and Pennsylvania officials failed to adhere to the terms of the IAD and the Uniform Criminal Extradition Act.  Pennsylvania advised Petitioner that the IAD did not apply to him because he still had Pennsylvania charges pending.  (Id.).

On April 16, 2008, Petitioner was taken to court in Pennsylvania and was informed that his extradition to New Jersey was being processed, and that New Jersey had ninety days to take custody of Petitioner.  (Id. at p. 13 of 18).  Petitioner questioned Pennsylvania about how his extradition could be processed since they had told him that he wasn't allowed to be extradited due to his pending Pennsylvania charge.  Petitioner filed numerous civil complaints in Pennsylvania.  On October 9, 2009, Petitioner was released from Pennsylvania on a grant of the writ of habeas corpus.  On November 22, 2009, New Jersey issued a warrant for Petitioner.  (Id. at p. 15 of 18).

On April 20, 2010, Petitioner was apprehended in Pennsylvania as a fugitive from justice, and was held in Pennsylvania for seven months.  He was processed for extradition to New Jersey.  Petitioner was extradited to New Jersey on

November 11, 2010.  (Id. at 16 of 18; Pet., ¶¶ L-M; Certification, ¶ 28).

It is unclear what Petitioner asks of this Court.  He states that he seeks an order "dismissing the indictment against [Petitioner] with prejudice."  It is unclear to which indictment he refers.  Also, the Court notes that Petitioner currently has a civil case pending in the United States District Court, Middle District of Pennsylvania, seeking § 1983 damages from various Pennsylvania authorities for "nineteen months of illegal incarceration in that state."  (Certification ¶ 29; see also Perry v. Nish, 09-cv-1381 (WJN) (M.D. Pa.)).

## DISCUSSION

### I.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application
> for a writ of habeas corpus shall forthwith award the
> writ or issue an order directing the respondent to show
> cause why the writ should not be granted, unless it
> appears from the application that the applicant or
> person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See

4

Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

**II. ANALYSIS**

The duty of a state to extradite an individual to another state is rooted in the Extradition Clause of the Constitution of the United States, which provides:

> A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

United States Constitution, Art. IV, § 2, cl. 2.

Congress implemented this non-self-executing constitutional duty with the enactment of the Extradition Act.

> Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District, or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the

5

> State or Territory from whence the person so charged
> has fled, the executive authority of the State,
> District, or Territory to which such person has fled
> shall cause him to be arrested and secured, and notify
> the executive authority making such demand, or the
> agent of such authority appointed to receive the
> fugitive, and shall cause the fugitive to be delivered
> to such agent when he shall appear. If no such agent
> appears within thirty days from the time of the arrest,
> the prisoner may be discharged.

18 U.S.C. § 3182.  See also Uniform Criminal Extradition Law, N.J.S.A. § 2A:160-9, et seq.

Interstate extradition is intended to be "a summary and mandatory executive proceeding."  Michigan v. Doran, 439 U.S. 282, 288 (1978).  The purposes of the Extradition Clause are "to enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed," and "to preclude any state from becoming a sanctuary for fugitives from justice of another state."  Id. at 287.

It is well-established that individuals have a federal right to challenge their extradition by petition for writ of habeas corpus.  See, e.g., Roberts v. Reilly, 116 U.S. 80 (1850).  The scope of such habeas review, however, is narrow.

> Once the governor has granted extradition, a court
> considering release on habeas corpus can do no more
> than decide (a) whether the extradition documents on
> their face are in order; (b) whether the petitioner has
> been charged with a crime in the demanding state; (c)
> whether the petitioner is the person named in the
> request for extradition; and (d) whether the petitioner
> is a fugitive. These are historic facts readily
> verifiable.

Doran, 439 U.S. at 289.

6

Moreover, "[o]nce the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." Barton v. Norrod, 106 F.3d 1289, 1298 (6th Cir. 1997).

Here, it appears that Petitioner is in custody pursuant to the November 22, 2009 New Jersey detainer, and new charges from Pennsylvania probation and parole, which mooted the prior grant of habeas relief (see Procedural History, docket entry 1, at p. 16 of 18, stating: "At the time of the hearing which was granted on the matter on October 8, 2010, . . . the State of Pennsylvania along with the Pennsylvania Board of Probation and Parole's contention was that the writ of habeas corpus is now moot. ... The [Pennsylvania Judge] . . . denied the habeas relief as well as ordered the extradition of Petitioner to the State of New Jersey by way of the [IAD].").

Further, Petitioner has been returned to New Jersey, the demanding state (see Attachment to Petition, "Certification" at ¶ 28, stating: "On November 11, 2010 I was transferred to New Jersey."). Accordingly, this petition for writ of habeas corpus, challenging his detention pursuant to the IAD, has become moot and will be dismissed.

Additionally, this Court finds no violation of the Constitution.  Petitioner was charged with crimes in both New

7

Jersey and Pennsylvania, and is being processed accordingly.  If Petitioner seeks to challenge his criminal charges or convictions, he must do so by way of the state courts, and, if applicable, the habeas provisions of 28 U.S.C. § 2254, after exhaustion of his state court remedies.

## **CONCLUSION**

For the reasons set forth above, the petition will be dismissed.  An appropriate order follows.


                                        s/Freda L. Wolfson
                                        FREDA L. WOLFSON
                                        United States District Judge
Dated: April 30, 2012